UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/26/21
```

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **Protective Order** |
| HASANAE KIRBY, | **21 Cr. 119 (AJN)** |
| *Defendant.* | |

      Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

      1. **Confidential Material.**  The Government has made, and will continue to make, disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in a criminal case.  Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.  Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

      2.  Confidential Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used

by the defense solely for purposes of defending this action.  Confidential Material shall be maintained in a safe and secure manner solely by the defendant's counsel; shall not be possessed by the defendant, except in the presence of the defendant's counsel; and shall not be disclosed in any form by the defendant or his counsel except as set forth below.

3.   Confidential Material may be disclosed by counsel, consistent with the terms set forth above, to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

4.   The Government may authorize, in writing, disclosure of Confidential Material beyond that otherwise permitted by this Order without further Order of this Court.

5.   This Order does not prevent the disclosure of any Confidential Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6.   Except for Confidential Material that has been made part of the record of this case, and subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct, the defense shall return to the Government or securely destroy or delete all Confidential Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

7.   The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material.  All such persons shall be subject to the terms of this Order.  Defense counsel shall maintain a record of what Confidential Material has been disclosed to which such persons.

8.   This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Retention of Jurisdiction

9.   The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____     Date: __4/12/2021_____
Jonathan L. Bodansky
Assistant United States Attorney

[*signature blocks continued on next page*]

3

_Robert M. Baum_
Robert M. Baum
Counsel for Hasanae Kirby

Date: 4/9/2021

SO ORDERED:

Dated: New York, New York
April 26, 2021

HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

4